## ST. LOUIS S. W. RY. CO. et al. v. STARK.

### (Circuit Court of Appeals, Eighth Circuit. May 1, 1893.)

### No. 170.

1. APPEAL—REVIEW—RECORD—FORECLOSURE.

In a railroad foreclosure suit a decree was entered January 31st, declaring that certain classes of claims therein specified were entitled to a lien prior to that of the bondholders, and directing the receiver to first pay the same out of the proceeds of the sale. A sale having been made, a judgment creditor intervened, asking that his judgment might be paid out of the proceeds of the sale before any payments on the bonds, and the court decreed that his judgment came within the classes of claims enumerated in the decree of January 31st, and directed payment accordingly. From this decree an appeal was taken, but the decree of January 31st was not incorporated in the record. *Held*, that in view of this omission the appellate court could not review the finding that the claim in question was entitled to priority as belonging to the classes enumerated in the decree of January 31st.

2. MORTGAGES—FORECLOSURE—ESTOPPEL OF PURCHASER.

Where a railroad foreclosure decree provides that certain specified classes of claims constitute a lien prior to that of the mortgage bonds, and directs that the sale shall be made subject to such lien, one who purchases at the foreclosure sale is estopped from objecting to the payment of a claim which belongs to one of the classes specified.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas. Affirmed.

Statement by THAYER, District Judge:

The facts out of which this appeal arises, so far as it is deemed necessary to state them, are as follows: In certain suits brought to foreclose mortgages on the property of the St. Louis, Arkansas & Texas Railway Company in Missouri and Arkansas, receivers of said property were duly appointed, in May, 1889, by the United States circuit court for the eastern district of Missouri and the eastern district of Arkansas. The order appointing such receivers required them to pay out of the income of the property in their hands certain operating expenses of the mortgagor company, which had been contracted before the bills of foreclosure were filed, and which were adjudged to be superior in equity to the claims of the mortgage bondholders. In the progress of the litigation to foreclose the mortgages, and on the 31st day of January, 1890, another order or decree appears to have been entered by the United States circuit court for the eastern district of Arkansas, which declared that certain other claims against the mortgagor company were entitled to priority over the mortgage indebtedness, and by the same order the receivers were directed to pay said claims out of the income or proceeds of the sale of the mortgaged property in preference to the claims of the mortgage creditors. A decree of foreclosure and sale was thereafter entered on the 15th of July, 1890, and at the sale made thereunder the property was bid in by Louis Fitzgerald, who acted as purchasing trustee for a reorganization committee composed of mortgage bondholders. The property was conveyed to Fitzgerald on February 5, 1891, and was thereafter conveyed by him to the appellant the St. Louis Southwestern Railway Company in execution of a plan of reorganization. On the 16th day of January, 1891, the appellee, L. L. Stark, filed an intervening petition in the foreclosure suit then pending in the United States circuit court for the eastern district of Arkansas, wherein the intervener prayed that the amount of a certain judgment which he had recovered in the circuit court of Miller county, Ark., against the St. Louis, Arkansas & Texas Railway Company in Missouri and Arkansas, might be allowed and paid out of the proceeds of the sale of the

mortgaged property which had then been made. The circuit court allowed the claim, and the appellants, who had resisted the intervention, have appealed from such order.

J. M. Taylor, J. G. Taylor, and Samuel H. West, for appellants.

Oscar D. Scott, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, after stating the case as above, delivered the opinion of the court.

It is assigned for error that the circuit court erred in allowing the intervener's demand, and in decreeing the same to be a superior lien upon the property which was conveyed by Fitzgerald, the purchasing trustee, to the St. Louis Southwestern Railway Company, and that it also erred in holding that the demand in question was one of those claims which the United States circuit court for the eastern district of Arkansas had decreed to be preferential, and had directed to be paid by an order made in the foreclosure proceedings on the 31st day of January, 1890. This assignment raises the only questions that we have to consider on the present appeal. By reference to the decree on the intervening petition, from which the appeal is taken, we find that it was adjudged that the intervener's demand was "one of the debts of said defendant company, (i. e. the St. Louis, Arkansas & Texas Railway Company in Missouri and Arkansas,) which the said receivers are, by the terms of the order of this court, entered on the 31st day of January, 1890, authorized and directed to pay, and that said receivers should pay said judgment, interest, and costs to the said intervener, or his solicitor of record, out of the first moneys coming into their hands, applicable to that purpose," etc. We are precluded, we think, from reviewing this finding by the fact that the order of January 31, 1890, is not found in the present record. We are not advised by anything which the record contains of the terms of that order, or of the class of debts which were thereby directed to be paid. Of the provisions of that order we know no more than is disclosed by the decree of the circuit court on the intervening petition, and by the seventh paragraph of the decree of foreclosure hereinafter referred to. The finding of the circuit court that the intervener's demand is one of the debts which it had previously ordered to be paid must therefore be accepted as conclusive. It is further to be noted that the decree of foreclosure and sale, under which the appellants derive title to the mortgaged property, forms a part of the record which has been lodged in this court, and by reference to the seventh paragraph of that decree we find the following provision relative to the terms of sale:

"And the purchaser or purchasers of said property at said sale shall, as a part of the consideration of the purchase, in addition to the payments which may be ordered by the court of the sum bid, take said property upon the express condition that he or they will pay off, satisfy, and discharge the debts due from said St. Louis, Arkansas & Texas Railway Company in Missouri and Arkansas for ticket and freight balances, and for labor, materials,

machinery, etc., \* \* \* and all such claims as were by order herein made on the 31st day of January, 1890, declared to constitute liens on said railroad, and all property appurtenant thereto, superior and paramount to the lien of the mortgages herein, and said road shall not be released or discharged from said liens until said debts and liabilities are paid."

It thus appears that prior to the present intervention the class of debts to which the intervener's claim belongs had been adjudged to be superior in equity to the claims of the mortgage bondholders, and that the property covered by the mortgages was sold upon the express condition that the purchaser or purchasers at said sale, as part consideration therefor, would satisfy and discharge all of that class of claims. In view of these facts the present appeal is evidently without merit. We cannot review the order of January 31, 1890, for the reason that it is not in the record, and for the further reason that the present proceeding is not an appeal from that order. For aught that we know, that order was made by consent of parties, and was at no time subject to an appeal on the part of any one who participated in the foreclosure proceedings. But in any event the appellants are not in a position to urge at this late date, with respect to the order of January 31, 1890, that the circuit court erred in holding that the debts therein mentioned were of a preferential character. With full knowledge of the terms of that order, and the class of claims to which it related, they became purchasers at the mortgage sale under a decree which required them to accept the property subject to the burden of those claims. It is clear, we think, that they must stand by the bargain they have made, and should not be heard to complain.

As the circuit court found that the claim now in dispute was in fact comprehended by the order of January 31, 1890, and as we cannot review that finding, it follows that the decree appealed from must be affirmed.